## CIRCUIT COURT OF ACCOMACK COUNTY

Accomack County School Board

v.

Nancy Rebecca Wessels Shields

### July 2, 1996

### Case No. (Law) 96CL101

BY JUDGE GLEN A. TYLER

The Court is called upon in this action at law for condemnation to decide, upon preliminary motion of petitioner and special appearance of a claimant, whether the condemnor, the County School Board of Accomack County, may proceed to resolve a dispute between the Board on the one hand and Barry E. Lane, Sr., or Lane Farms, Inc., on the other hand, regarding an alleged oral year-to-year farm tenancy, by pursuing this condemnation action which was filed by the School Board not against the claimant but against Nancy Rebecca Wessels Shields, the former landowner and landlord as to the farm tenancy of the claimant.

Lane alleges through his attorney that for several years before May 20, 1996, he had a year-to-year farm tenancy upon the 53.04 acres of land which is the subject of this proceeding. He contends that he continues to have the right to farm the land for the year 1996 and may not be dispossessed by the School Board by way of this condemnation proceeding as it is constituted. Whether he is presently entitled to farm the land is not the specific issue. The specific issue is whether his claims to possess the land may be resolved in this fashion, by this condemnation proceeding filed against the former landowner as it presently stands.

From the pertinent allegations in the petition for condemnation, with exhibits, assuming for purposes of this decision that the facts alleged therein are true, it is apparent that the School Board purchased the subject land located in Accomack County from Shields by deed of bargain and sale which conveyed fee simple title, without reservation as to any tenancy of the farmland. The deed was recorded May 20, 1996, in the Accomack

County Clerk's Office, and the condemnation petition was filed June 13, 1996, over three weeks after the School Board acquired title to the property for new school construction purposes. The petition states that the School Board seeks, nevertheless, to acquire fee simple title and seeks possession of the property.

The petition states that there is an alleged leasehold interest, but Lane was not made a party to the action. The petition states that the farm tenancy, which would have expired December 31, 1996, was terminated by mutual agreement of Shields and Lane, who yielded possession. Yet the petition further states that Lane has nevertheless entered the farmland to farm it for 1996.

Petitioner requests a quick right of entry in condemnation under Va. Code Ann. § 25-46.8.

After filing the petition and notice to Shields, an answer admitting all allegations was filed by Shields on June 14, 1996, and on the same date a stipulation of value was filed by the School Board and Shields.

On June 13, the School Board, by counsel, delivered a letter to the Court stating that the purpose of the condemnation action was "[T]o basically condemn as to any alleged outstanding rights of possession." Petitioner takes the position that the alleged tenant is not entitled to participate in the matter because of Va. Code Ann. § 25-46.21:1 and is not even entitled to notice. Petitioner requested that the Court enter a consent order endorsed by the School Board and Shields, by counsel, since compensation had already been agreed upon and, as stated at the hearing, paid in full by the School Board to Shields. The School Board's position is that the tenant can look to Shields for relief.

Counsel for the School Board arranged for a hearing on the presentation to the Court of its proposed consent order and duly notified counsel for Lane of the place, date, and time.

The Court heard the petitioner and Lane, who appeared specially to contest jurisdiction, in open Court on June 26, 1996. Time is of the essence because the School Board has a schedule for completion of school construction which it wishes to protect in the public interest.

Statutory law, principally, governs whether this or any action at law for condemnation is properly stated and may proceed. The purpose of the eminent domain title in the Code of Virginia, Title 25, is to establish a procedure for the payment of just compensation where the condemnor and the owner of property cannot agree after a bona fide attempt on the part of the condemnor to purchase the property. Va. Code Ann. § 25-46.5.

The proper procedure is for the condemnor to make a bona fide effort to acquire from an owner property that it needs for its purposes. The property presently sought is not Shields's property. The School Board already owns her property, yet the condemnation proceeding is filed against her. What the Board wishes to condemn and resolve quickly is the claim of Lane; they deny he even has a tenancy in law or fact. Assuming that a year-to-year farmland tenancy is property, as defined in Va. Code Ann. § 25-46.3, and assuming that such property is a possessory interest that is in and of itself subject to condemnation, then regardless of the fact that the Board already owns the fee in the land, the statutory scheme would have to be followed as in any other case as to such claim of tenancy.

In Va. Code Ann. § 25-46.7, we find that the petition should be filed against named defendants, including "[A]t least one of the owners of . . . an interest in *the property* to be taken . . . ." (Emphasis added.) Surely, Ms. Shields's property is not to be taken, yet she is the only named defendant. The petition should also state, "[t]he estate, interest, or rights to be taken . . ." and there should be stated compliance with § 25-46.5 and the "manner" of compliance.

It would appear that if the School Board has already concluded that Lane has no property rights at all of any kind nor any claim to any rights, then they cannot file a condemnation petition. They cannot say on the one hand that we in good faith wish to purchase your property rights, whatever they are, and if you refuse fair value, we will condemn those rights, then on the other hand say that you do not have any rights anyway.

The School Board must pursue its legal remedies against Lane in an appropriate law or equity proceeding if his is a false claim, as they contend, or proceed in condemnation with the attendant procedures under Va. Code Ann. § 25-46.8 if they wish quick entry upon resolution of his claim one way or the other.

Incidentally, that a tenant with a written lease expiring more than twelve months after the date a condemnation action is filed may participate in the action "to the same extent" as his landlord or the owner, according to Va. Code Ann. § 25-46.21:1, is not to say that a lesser tenant has no standing of any kind because a lesser tenant may be permitted to come into a condemnation proceeding under § 25-46.16. But Lane should not intervene in the case at bar because it is not properly stated, nor may it properly proceed.

Petitioner's motion for entry of a consent order is denied, and the petition for intervention is denied, and this action for condemnation is to be

dismissed unless the condemnor and Lane wish to somehow amend pleadings to use this condemnation action for proper statutory purposes to condemn such claim as Lane may have, if any.